1  Desiree N. Murray (SBN 330079)
   DMurray@wiley.law
2  **WILEY REIN LLP**
   2050 M Street, NW
3  Washington, D.C. 20036
   202-719-3312 (phone)
4  202-719-7049 (fax)

5  Counsel for Defendant,
   Noridian Healthcare Solutions, LLC
6

7

8              **UNITED STATES DISTRICT COURT**

9              **CENTRAL DISTRICT OF CALIFORNIA**

10             **SOUTHERN DIVISION – SANTA ANA**

11

12  Dr. Orly Taitz,                        Case No. 8:23-CV-02204-DOC-DFM

13            Plaintiff,                   **NORIDIAN'S MOTION TO DISMISS**

14       v.

15  Noridian Healthcare Solutions, LLC,    Judge: Honorable David O. Carter
                                           Court Room: 10A
16            Defendant.                   Hearing Date: February 26, 2024
                                           Time: 8:30am
17

18

19

20

21

22

23

24

25

26

27

28

**TO THE COURT AND PLAINTIFF:**

**PLEASE TAKE NOTICE** that on February 26, 2024, or as soon thereafter as counsel may be heard before Honorable David O. Carter, in Courtroom 10A of the United States Central District of California, located at 411 West Fourth Street, Courtroom 10A, Santa Ana, CA 92701-4516, defendant Noridian Healthcare Solutions, LLC ("Noridian") will and hereby does move the Court pursuant to Federal Rules of Civil Procedure 8(a)(2) and 12(b)(6), for an order granting Noridian's Motion to Dismiss ("Motion"), of *pro se* plaintiff Orly Taitz ("Plaintiff") on the grounds that Plaintiff fails to state a claim against Noridian upon which relief can be granted.

This Motion will be based on this Notice of Motion, the supporting Memorandum of Points and Authorities attached hereto, the pleadings, records, and files in this action, and upon such further oral or documentary evidence and argument as may be presented at or before the hearing and any other matter the Court may deem appropriate.

DATED:  December 1, 2023

Respectfully submitted,

/s/ Desiree Murray
Desiree Murray
DMurray@wiley.law
Wiley Rein LLP
2050 M Street, NW
Washington, D.C. 20036
202-719-3312 (phone)
202-719-7049 (fax)

*Counsel for Defendant,*
*Noridian Healthcare Solutions, LLC*

## I.    __INTRODUCTION__

On October 24, 2023, Plaintiff filed an action *pro se* [1] in the County of Orange, Small Claims Court (the "State Court Action") alleging only that "Defendant owes $8,170 for the treatment performed for the insured."  The State Court Action fails to articulate even the basic facts that underly the dispute.  Specifically, plaintiff did not identify her insured, the date of treatment of the insured, the type of treatment, or the date of submission of any claim for payment to Noridian; she simply alleged that "this happened" in 2022.  Plaintiff's claim underlying the State Court Action, and now the action before this Court, does not meet the federal pleading requirements under Federal Rules of Civil Procedure Rule 8 and 12(b)(6).

Notably, any relationship Plaintiff may have had with Noridian in 2022 is limited.  To support removal of this action to this Court, Noridian was required to undertake limited investigation.  This is because Noridian believes it was sued in Small Claims Court in its capacity as a Medicare Administrative Contractor ("MAC").  *See* U.S. Department of Health and Human Services ("HHS") public website at https://www.cms.gov/medicare/coding-billing/medicare-administrative-contractors-macs.  MACs cannot consent to state court jurisdiction over Medicare claims disputes.  *Kaiser v. Blue Cross of Cal*., 347 F.3d 1107, 1117 (9th Cir. 2003).

Noridian has learned that Plaintiff is a dental provider enrolled in the Medicare program.[2]  Noridian could only have engaged with Plaintiff in connection with its federal contract with the HHS, Centers for Medicare & Medicaid Services ("CMS") to process and pay Medicare claims.  CMS is the federal agency that administers the

---

[1] However, Plaintiff herself is a California barred attorney (state bar number 223433) and regularly litigates in federal court.  *See, e.g.*, *Defend Our Freedoms Found. v. Senator Chuck Schumer* No. 8:21-cv-00120 (C.D. Cal. 2021); *Grinols v. Electoral Coll.,* No. 2:12-cv-02997-MCE-DAD (E.D. Cal. 2013); *Lincoln v. Nw. Tr. Servs.,* No. 1:09-cv-00430 (D. Idaho 2009).
[2] *See* https://drtaitz.com/.

Medicare program.  *See* 42 U.S.C. § 1395h.  At the direction of Congress, the Secretary of HHS has, through CMS, arranged for Medicare claims processing and reimbursement functions to be carried out through MACs.  *See* 42 U.S.C. §§ 1395u(a) *et seq*.  Noridian is not a payer or health plan itself; it provides health care administration and support services.[3]  If Plaintiff has submitted Medicare claims to Noridian, for which she now seeks payment, she must make that clear allegation, so Noridian may bring any resulting jurisdictional issues before this Court.[4]  Plaintiff's claim, as currently written, is so devoid of substance that it improperly places a burden on Noridian to speculate as to its details.

Accordingly, Noridian respectfully requests that Plaintiff's claim be dismissed, or in the alternative, that the Court order Plaintiff to file a more definite statement.

## II.   LEGAL STANDARD

Federal pleading standards apply to Plaintiff once the California small claims case was removed to federal court.  *See Horvath v. JP Morgan Chase & Co*., No. 3:21-CV-1665-BTM-AGS, 2022 WL 1036774, at *2 (S.D. Cal. Apr. 6, 2022) (citing *Vess v. Ciba-Geigy Corp. USA*, 317 F.3d 1097, 1102 (9th Cir. 2003)).  Under Federal Rule of Civil Procedure 12(b)(6), a complaint shall be dismissed when the allegations fail to set forth a set of facts which, if true, would entitle plaintiffs to relief.  *See generally Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007); *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009).  Rule 12(b)(6) is read in conjunction with Rule 8(a) of the Federal Rules of Civil Procedure ("Rule 8").  *See Zixiang Li v. Kerry*, 710 F.3d 995, 998–99 (9th Cir. 2013).

---

[3] *See* Noridian website at https://www.noridiansolutions.com/about/.

[4] When a MAC denies or otherwise limits payment on a Medicare provider's claim, there is a five-level administrative appeals process that the provider must follow at HHS to dispute that initial determination before it may bring the dispute to federal court.  Accordingly, a provider must exhaust administrative remedies.  *See Shalala v. Ill. Council on Long Term Care, Inc*., 529 U.S. 1, 8 (2000).

Under Rule 8(a), "[a] pleading that states a claim for relief must contain . . . a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The Rule 8 pleading standard does "not require detailed factual allegations, *but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation*." *Cook v. Brewer*, 637 F.3d 1002, 1004 (9th Cir. 2011) (internal citations and quotations omitted) (emphasis added).

## III. <u>ARGUMENT</u>

### 1. **Plaintiff's claim should be dismissed with prejudice for failure to state a claim**

Plaintiff filed her claim on a standardized form in Orange County Superior Court. The standardized form for small claims is insufficient to satisfy the notice pleading requirements of federal court as the claim only alleges "Defendant owes $8,170 for the treatment performed for the insured." Once the action was removed, federal pleading standards applied. *See, e.g.*, *Joyner v. Bank of Am. Home Loans Servicing, LP*, 473 F. App'x 724, 725 (9th Cir. 2012) ("the district court properly applied federal pleading standards following the removal of the action from state court").

Plaintiff's obligation "to provide the grounds of his entitle[ment] to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Cook*, 637 F.3d at 1004 (citations omitted). Here, Plaintiff even failed to provide labels, conclusions, or a formulaic recitation of any cause of action. Without more information, the claim fails on its face to provide notice of what the claim is and the grounds upon which the claim rests. The exact requirements of Rule 8 mandate that a pleading contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Dismissal is proper because there is no cognizable legal theory and a complete absence of sufficient facts alleged

to support a cognizable legal theory.  *See, e.g.*, *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001).

> **2. Alternatively, Plaintiff should be required to file a more definite statement**

If the Court denies Noridian's motion to dismiss, Noridian still is in an impossible position of being unable to meaningfully respond to the claim in this action.  Since the claim is lacking critical detail and specificity, Noridian requests that the Court, at a minimum, order Plaintiff to file a more definite statement to make the claim consistent with the rules of pleading under Rule 8.  *See* Fed. R. Civ. P. 12(e) ("A party may move for a more definite statement of a pleading to which a responsive pleading is allowed but which is so vague or ambiguous that the party cannot reasonably prepare a response.").

## IV.  <u>CONCLUSION</u>

For the foregoing reasons, Noridian respectfully requests this Court grant its Motion to Dismiss without prejudice.  Alternatively, Noridian requests the Court to require Plaintiff to file a more definite statement.

DATED:  December 1, 2023

Respectfully submitted,

<u>/s/ Desiree Murray</u>
Desiree Murray
DMurray@wiley.law
Wiley Rein LLP
2050 M Street, NW
Washington, D.C. 20036
202-719-3312 (phone)
202-719-7049 (fax)

*Counsel for Defendant,*
*Noridian Healthcare Solutions, LLC*